

David L. Bissett
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

ALDERSON BROADDUS UNIVERSITY, INC., ET AL.,      Case No. 23-00427
                                                 Chapter 7
Debtors.[1]

ORDER APPROVING SALE OF REAL ESTATE BEING THE CAMPUS
LOCATED AT 101 COLLEGE HILL DRIVE, PHILLIPI, WEST VIRGINIA,
ALONG WITH FURNISHINGS, FIXTURES, EQUIPMENT, AND SUPPLIES
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS,
PURSUANT TO 11 U.S.C. § 363(b), (f) AND (m) AND § 105, AND FED. R. BANKR. P.
2002 AND 6004; AND APPROVING COMPROMISE OF ALLOCATION OF SALE
PROCEEDS; AND APPROVING COMPROMISE OF LEASE OF ASTROTURF

On January 31, 2024, a hearing was held on the *Trustee's Amended Motion to Sell Real Estate Being the Campus Located at 101 College Hill Drive, Phillipi, West Virginia, Along with Furnishings, Fixtures, Equipment, and Supplies, Free and Clear of all Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363(b), (f) and § 105 and Fed. R. Bankr. P. 2002 and 6004; to Compromise Allocation of Sale Proceeds Between Alderson Broaddus University and Alderson Broaddus Endowment Corporation, Pursuant to Fed. R. Bankr. P. 9019; and to Compromise the Lease of Astroturf from PNC Bank, Pursuant to Fed. R. Bankr. P. 9019* (the "Amended Sale Motion"). The Amended Sale Motion and Amended Notice have been served on all parties in interest. The Court having considered the Amended Sale Motion does

---

1 The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alderson Broaddus University, Inc. (7072) and Alderson-Broaddus Endowment Corporation (2324).

1

accordingly find that:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) over which the Court has jurisdiction to enter a final order. Venue is proper in this district and this Court under 28 U.S.C. §§ 1408 and 1409.

2. Craig G. Phillips, or his assigns (the "Purchaser"), is a good faith purchaser pursuant to 11 U.S.C. § 363(m).

3. The Trustee has reasonably exercised sound business judgment in deciding to enter into the agreement and to sell and transfer the property, as described in the Amended Sale Motion ("Property"). The relief requested in the Amended Sale Motion is in the best interests of the Debtor estates, the Debtors' creditors, and other parties in interest.

4. The Sale was non-collusive, fair, and reasonable, conducted in good faith and resulted in the Trustee obtaining the highest value for the Property. The consideration to be paid by Purchaser to the Trustee pursuant to the Asset Sale and Purchase Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, and the District of Columbia.

5. The Notice and Amended Notice of the motion and the sale procedures set forth therein are approved as proper and adequate under the circumstances.

6. The Notice of Sale resulted in an upset bid from Purchaser in the amount of $5,000,000.00. Notice of the upset bid was filed with the Court prior to the scheduled sale hearing. Dack Investments, LLC appeared at the sale hearing but made no additional bid above

2

its original offer of $4,900,000.00. Therefore, there was no bidding at the auction scheduled during the sale hearing. Accordingly, the Purchaser has the high upset bid at $5,000,000.00 and is the winning bidder.

7.      Under the terms of the Asset Sale and Purchase Agreement negotiated between the Trustee and DACK Investments, LLC and as set forth the Amended Sale Motion, the Trustee agreed to pay a $50,000.00 breakup fee to DACK Investments, LLC at closing if a higher bid was accepted by the Court. The Court is of the opinion that the breakup fee is reasonable and appropriate. The Court also finds that DACK Investments, LLC qualifies as a good faith purchaser pursuant to 11 U.S.C. § 363(m). If Purchaser is unable to close, the Court authorizes the Trustee to sell the Property to DACK Investments, LLC for the sum of $4,900,000.00, and DACK Investments, LLC shall be deemed the purchaser under this Sale Order, receive no breakup fee, and paragraph M of this Order shall not apply.

8.      A reasonable opportunity to object or be heard with respect to the Amended Sale Motion and relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Property has been afforded to all parties in interest.

9.      The Purchaser would not have agreed to the sale and would not consummate the transactions contemplated thereby if the sale of the Property to the Purchaser was not free and clear of liens as set forth in the Sale Motion. With respect to any and all entities holding a Liability or with an encumbrance against the Property, either (i) such entity consented to the sale with the liability or encumbrance attaching to the proceeds of such sale, (ii) applicable nonbankruptcy law permits the sale free and clear of such liability or encumbrance, (iii) such liability or encumbrance is in bona fide dispute, or (iv) such entity could be compelled to accept

3

a money satisfaction of such liability or encumbrance, so that the conditions of 11 U.S.C. § 363(f) have been met.

NOW, THEREFORE, it is hereby ORDERED that:

A. The Amended Sale Motion is GRANTED. All objections to the Amended Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled are hereby overruled on the merits for the reason set forth on the record and as set forth herein. The United States Department of Agriculture ("USDA") did not object and has notified the Trustee that it consents to the sale.

B. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the Trustee's ability to sell and transfer the Property to the Purchaser in accordance with the terms of the Asset Sale and Purchase Agreement and this Order.

C. Pursuant to the provisions of 11 U.S.C. §§ 105 and 363, the Trustee is authorized empowered and directed to implement and consummate all the transactions (the "Sale") with the Purchaser and to sell the Property to Purchaser for the sum of $5,000,000.00.

D. Pursuant to 11 U.S.C. § 363(f) and this Court's general equitable powers under 11 U.S.C. § 105(a), upon entry of this Sale Order, Purchaser will take possession of the Property and shall secure the Property, assume responsibility for payment of utility service, and comply with all applicable municipal regulations. Upon the Closing of the Sale, Purchaser will take title to the Property. The transfer of the Property will be free and clear of any and all liens, claims, liabilities, interests and encumbrances whatsoever, whether contingent, unliquidated, unmatured or otherwise, and whether of or against the Debtors, the Purchaser, or the Property. All such

4

liens, claims, liabilities, interests and encumbrances will attach solely to the proceeds of the Sale with the same validity and priority as they attached to the applicable Property.

E. The Trustee has established sound business justifications in support of the Sale. After considering the circumstances of this case, the Court determines that the purchase price presents the best opportunity for the Debtor estates to realize the highest distribution possible to all creditors. The Purchase Price, as approved herein, is the highest and best offer for the Property. The Purchase Price constitutes full and adequate consideration and reasonably equivalent value for the Property. The transfer of the Property on the Closing to Purchaser for the Purchase Price is in the best interest of the Debtor estates, the Debtors' creditors and all parties-in-interest.

F. The transaction contemplated in the Amended Sale Motion, as approved and implemented herein, complies with and satisfies all applicable provisions, including but not limited to 11 U.S.C. §§ 363(b), (f) and (m). The terms and conditions of the sale of the Property are fair and reasonable.

G. Purchaser is a third-party purchaser unrelated to the Debtors, and the terms of Purchaser's purchase of the Property as set forth in the Asset Sale and Purchase Agreement are fair and reasonable under the circumstances of this case.

H. The transfer of the Property to Purchaser represents an arms' length transaction and has been negotiated in good faith between the parties. Purchaser, as transferee of Property, is a good faith purchaser within the meaning of 11 U.S.C. § 363(m). Purchaser has proceeded in good faith in all respects in connection with this proceeding.

I. Subject to the fulfillment of the terms and conditions of the Asset Sale and

5

Purchase Agreement, at the Closing the Trustee will sell, transfer, assign and convey to the Purchaser and/or its assigns all of the Debtors' rights, title and interest in, to and under the Property. The Trustee is authorized, empowered and herby directed to deliver deeds, bills of sale, assignments and other such documentation that may be necessary or requested by the Purchaser in accordance with the terms of the Asset Sale and Purchase Agreement to evidence the transfers required herein.

J. The Trustee is hereby authorized to execute the Deed and Bill of Sale and any other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

K. The Closing shall be held within 30 days of the entry of this Order, unless extended by mutual agreement of Purchaser and the Trustee.

L. At the Closing, the Trustee is authorized to pay closing costs customarily paid by sellers of real estate, including but not limited to the Debtor's pro-rata share of real estate taxes.

M. The Trustee is authorized and directed to pay the $50,000.00 breakup fee from sale proceeds to DACK Investments, LLC at the Closing.

N. The Court approves the allocation of the Purchase Price (less the breakup fee) in the amount of $4,040,800.00 to real estate and $909,200.00 to personal property. The real estate proceeds shall be paid to the Alderson-Broaddus Endowment Corporation ("ABEC") bankruptcy estate and are subject to the lien of the USDA.

O. The Trustee's motion to allocate fifty percent (50%) of the proceeds of sale of personal property to the ABEC bankruptcy estate and 50% to the Alderson Broaddus University, Inc. ("ABU") bankruptcy estate is granted. The proceeds shall be paid to the respective

6

bankruptcy estates, with valid liens attaching to the proceeds of sale.

P.  The Court approves the USDA's agreement to carve out 3% from the proceeds of sale of real and personal property allocated to ABEC for payment of the Trustee's commission, for the sale of ABEC property. The Court also approves the USDA's agreement to carve out from the proceeds of sale of real and personal property allocated to ABEC additional funds for the payment of the Trustee's reasonable attorney fees.

Q.  The secured claim of Peoples Bank shall attach to the personal property sale proceeds allocated to ABU, and the Trustee is authorized to pay the claim of Peoples Bank with sale proceeds.

R.  The Court approves the compromise and settlement of ABU's astroturf lease from PNC Bank. The Court orders PNC Bank to execute a bill of sale for the astroturf to Purchaser upon receipt of $40,000.00 at Closing. The Court authorizes the Trustee to pay $40,000.00 from personal property sale proceeds allocated to ABU to fund the compromise.

S.  The Court authorizes the Trustee to distribute proceeds of sale of ABEC real and personal property to USDA pursuant to USDA's first position lien.

T.  If Purchaser is unable to close, the Court authorizes the Trustee to sell the Property to DACK Investments, LLC for the sum of $4,900,000.00, and DACK Investments, LLC shall be deemed the purchaser under this Sale Order.

U.  The Court authorizes the Trustee to execute the deed, bill of sale, and any other documents required for closing.

V.  This Court will retain jurisdiction over this transaction for purposes of enforcing the provisions of this Order and the Asset Sale and Purchase Agreement.

7

W. Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order will be effective immediately upon entry.

It is so **ORDERED**.


Prepared By:

 /s/ Joe M. Supple
Joe M. Supple (WV Bar # 8013)
Supple Law Office PLLC
801 Viand Street
Point Pleasant, WV 25550
304-675-6249
*Counsel for the Trustee*