IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

**ALDERSON BROADDUS UNIVERSITY, INC., ET AL.,**          Case No. 23-00427

    Debtors.[1]                                                                                 Chapter 7

## NOTICE OF SALE AND OPPORTUNITY TO SUBMIT UPSET BID

**PLEASE TAKE NOTICE** that, upon the *Trustee's Omnibus Motion to Sell Property* ("Sale Motion"), the Trustee proposes to sell various items of real and personal property not previously conveyed with the ABU campus. The Trustee proposes to sell the following property:

| Sale Item | Sale Price | Alternative Minimum Bid |
|---|---|---|
| Mutschelknaus Coal | $18,000.00 | $19,000.00 |
| Coal, Oil, Gas Outside WV | $1,000.00 | $2,000.00 |
| AFC Stock | $41,120.00 | $42,120.00 |
| Estate of Arthur Morgan | $4,000.00 | $5,000.00 |

**PLEASE TAKE FURTHER NOTICE** that parties with objections to the Sale Motion or upset bids must file a written notice as hereinafter described.

    1.    **PURCHASE AGREEMENT FOR SALE OF PROPERTY.** On May 7, 2024, the Trustee, subject to Court approval, executed Asset Purchase Agreements with Mike Ross, Inc. (the "Purchaser") to sell and transfer the above identified property.

    2.    **BANKRUPTCY COURT APPROVAL**. The sale contemplated herein is subject to the entry of an order by this Court approving the sale of the Property free and clear of liens, claims and encumbrances attaching to the sale proceeds at Closing.

    3.    **CLOSING**. The Closing of the sales will take place within thirty (30) days after

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alderson Broaddus University, Inc. (7072) and Alderson-Broaddus Endowment Corporation (2324).

1

Court approval.

    4.    **ACCESS TO INFORMAITON**.  Within forty-eight (48) hours of a written request delivered to Trustee's counsel, Joe M. Supple, Supple Law Office, PLLC, 801 Viand Street, Point Pleasant, West Virginia 25550, 304-675-6249, joe.supple@supplelawoffice.com. Trustee's counsel will deliver to any such requesting party, a copy of the Sale Motion, including the Asset Sale and Purchase Agreements. Within 48 hours of a written request delivered to Trustee's counsel, or the next business day following expiration of such time period if it expires on a weekend or holiday, the Trustee will provide access to any documents in his possession or control to interested persons for the purpose of conducting due diligence, provided that such persons provide evidence acceptable to the Trustee that such person has the present ability to fund a bid to purchase the Property.

    5.    **UPSET BIDS**. Upset bids must be in writing and delivered to Trustee's counsel, Joe M. Supple, Supple Law Office, PLLC, 801 Viand Street, Point Pleasant, WV 25550, 304-675-6249, joe.supple@supplelawoffice.com, and set forth the name of the party making the upset bid and set forth terms of the upset bid, so as to be received on or before **June 3, 2024.** Any upset bid must be in an amount equal to the Alternative Minimum Bid (see Table above). An Upset Bidder must also submit information demonstrating the financial ability of the Upset Bidder to consummate the proposed transaction. The Trustee, in the Trustee's discretion, will determine if the Upset Bidder has submitted a qualified bid based on the terms of the bid, and the Upset Bidder's financial ability to consummate the proposed purchase at the Alternative Minimum Bid price.

    6.    **AUCTION UPON RECEIPT OF UPSET BID**. If a qualified Alternative Minimum Bid is timely received by the Trustee, then the Trustee shall conduct a private auction at a time, place, and manner that is determined by the Trustee. The Trustee will file notice of the auction time and place with the court. The Trustee will select the bid, or combination of bids, at the conclusion of the auction that the Trustee believes to be the highest or best value for the Property (the "Winning Bidder"). The Trustee reserves the right to select the best bid, even if not the highest bid. The Winning Bidder must complete and sign all agreements or other documents with the Trustee containing the terms and conditions on which the winning bid was made before the auction is concluded.

7. **OBJECTIONS ARISING AT THE AUCTION.** If a bidder at the auction objects to the Trustee's selection of the Winning Bidder, then that bidder may submit a bid under protest at the auction and shall have standing to file an objection to sale to contest the Trustee's determination. The objection must be in writing and be filed with the Bankruptcy Court, United States Trustee and Chapter 7 Trustee. If an objection to sale is filed, the Bankruptcy Court shall set the objection for hearing.

8. **FAILURE OF WINNING BIDDER TO CLOSE**. If for any reason the Winning Bidder fails to consummate the sale of the property, the offeror of the second highest or best bid (subject to the same reservations) will automatically be deemed to have submitted the highest and best bid, and the Trustee is authorized to effect the sale of the Property to such offeror without further order from the bankruptcy court. If such failure to consummate the purchase of the Property is the fault of the Winning Bidder, the winning Bidder's deposit, if any, shall be forfeited to the Trustee, and the Trustee specifically reserves the right to seek all available damages from the defaulting bidder.

9. **MODIFICATION OF AUCTION PROCEDURES**. The Trustee reserves the right to: (1) impose, at or prior to the Auction, additional terms and conditions on a sale of the Property; (2) extend the deadlines from those set forth herein, adjourn the auction at the auction; (3) withdraw the Property, or any part of the Property, from sale at any time prior to or during the auction, and to make subsequent attempts to market the same; and (4) reject all bids if, in the Trustee's reasonable judgment, no bid is for a fair and adequate price.

10. **OBJECTIONS. You are further advised and notified that if no objections are made to the Sale Motion within twenty-three (23) days from the date hereof, that an Order may be entered by the Court approving the sale. Any objection should be filed with the Clerk of the U.S. Bankruptcy Court at Frederick P. Stamp, Jr. Federal Building and United States Courthouse P.O. Box 70, Wheeling, WV 26003, 304-233-1655.** A copy of the Sale Motion may be obtained from the Clerk of Court.

Prepared by:

/s/ Joe M. Supple
Joe M. Supple (WV Bar # 8013)
Supple Law Office, PLLC

3

                                        801 Viand Street
                                        Point Pleasant, WV 25550
                                        304.675.6249
                                        joe.supple@supplelawoffice.com

Date of Issuance:   May 13, 2024

Clerk of Court
U.S. Bankruptcy Court
Northern District of WV
Post Office Box 70
Wheeling, WV 26003
304−233−1655