IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

**ALDERSON BROADDUS UNIVERSITY, INC., ET AL.,**           Case No. 23-00427
                                                          Chapter 7
Debtors.[1]

**ORDER GRANTING TRUSTEE'S MOTION TO SELL DEBTORS' INTEREST IN COAL, OIL, AND GAS SITUATED OUTSIDE WEST VIRGINIA AND APPROVING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, PURSUANT TO 11 U.S.C. § 363(b), (f), (h) AND (m) AND § 105, AND FED. R. BANKR. P. 2002 AND 6004**

Pending is the Trustee's Omnibus Motion to Sell Property. In his motion, the Trustee sought approval to sell various items of real and personal property to Mike Ross, Inc. free and clear of all liens, claims, encumbrances, and interests (the "Sale Motion"). On June 7, 2024, this Court entered an Order approving the sale. The Trustee then notified the Court that he had received timely upset bids on tow of the items subject to the Sale Motion. The items for which upset bids were received are 1) Mutschelknaus Coal interest and 2) Coal, Oil, Gas Outside WV. On June 12, 2024, this Court entered an Amended Order excluding the Mutschelknaus Coal interests and Coal, Oil, Gas Outside WV until such time as the Trustee holds an auction and a high bidder is determined (the "Motion for Amended Order"). On July 19, 2024, the Trustee filed a motion for entry of a Sale Order approving the sale of Coal, Oil, Gas Outside WV. In his motion, the Trustee indicates that Mike Ross, Inc. was the high bidder at the auction with a bid of $12,000.00 (the "Motion for Entry of Sale Order – Coal, Oil, Gas Outside WV"). The Trustee

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alderson Broaddus University, Inc. (7072) and Alderson-Broaddus Endowment Corporation (2324).

1

further indicated that the auction of the Mutschelknaus Coal interest remains pending. The Sale Motion and Notice has been served on creditors and all parties in interest. The Court having considered the Sale Motion and Motion for Entry of Sale Order – Coal, Oil, Gas Outside WV does accordingly find that:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§§157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Mike Ross, Inc., or its assigns, the purchaser (the "Purchaser"), is a good faith purchaser pursuant to 11 U.S.C. § 363(m).

4. The Trustee has reasonably exercised sound business judgment in deciding to enter into the agreement and to sell and transfer the Debtors' Coal, Oil, Gas Outside WV the ("Property"). The relief requested in the Sale Motion is in the best interests of the Debtor estates, the Debtors' creditors, and other parties in interest.

5. The Sale was non-collusive, fair and reasonable, conducted in good faith and resulted in the Trustee obtaining the highest value for the Property. The consideration to be paid by Purchaser to the Trustee pursuant to Purchaser's high bid at auction ("Purchase Price") is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, and the District of Columbia.

6. The Notice of the motion is approved as proper and adequate under the circumstances.

7. The upset bid and auction procedures set forth in the Notice are fair and reasonable.

8. A reasonable opportunity to object or be heard with respect to the Sale Motion

and relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Property has been afforded to all parties-in-interest.

9. The Purchaser would not have agreed to the sale and would not consummate the transactions contemplated thereby if the sale of the Property to the Purchaser was not free and clear of liens as set forth in the Sale Motion. With respect to any and all entities holding a Liability or with an encumbrance against the Property, either (i) such entity consented to the sale with the liability or encumbrance attaching to the proceeds of such sale, (ii) applicable nonbankruptcy law permits the sale free and clear of such liability or encumbrance, (iii) such liability or encumbrance is in bona fide dispute, or (iv) such entity could be compelled to accept a money satisfaction of such liability or encumbrance, so that the conditions of 11 U.S.C. § 363(f) have been met.

10. The Trustee has authority to sell, transfer, assign and convey to the Purchaser or its assigns all rights, title and interest in, to and under the Property of the Debtors and any co-owners of the property pursuant 11 U.S.C. §§ 363(f) and (h). Partition in kind of such property among the estate and such co-owners is impracticable; sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

NOW, THEREFORE, it is hereby ORDERED that:

A. The Sale Motion as to Coal, Oil, Gas Outside WV and the Motion for Entry of Sale Order – Coal, Oil, Gas Outside WV are GRANTED. A supplemental order will be entered

approving the sale of the Mutschelknaus Coal interests once the auction is final.

  B. All objections to the Sale Motion as to Coal, Oil, Gas Outside WV or the relief requested therein that have not been withdrawn, waived or settled are hereby overruled on the merits for the reason set forth on the record and as set forth herein.

  C. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the Trustee's ability to sell and transfer the Property to the Purchaser in accordance with the terms of the Asset Purchase Agreements and this Order.

  D. Pursuant to the provisions of 11 U.S.C. §§ 105 and 363, the Trustee is authorized empowered and directed to implement and consummate all the transactions (the "Sale") with the Purchaser and to sell the Property to Purchaser for the sum of $12,000.00.

  E. Pursuant to 11 U.S.C. § 363(f) and this Court's general equitable powers under 11 U.S.C. § 105(a), upon entry of this Sale Order and completion of the closing transaction, Purchaser will take title to the Property free and clear of any and all liens, claims, liabilities, interests and encumbrances whatsoever, whether contingent, unliquidated, unmatured or otherwise, and whether of or against the Debtors, the Purchaser, or the Property. All such liens, claims, liabilities, interests and encumbrances will attach solely to the proceeds of the Sale with the same validity and priority as they attached to the applicable Property.

  F. The Trustee has established sound business justifications in support of the Sale. After considering the circumstances of this case, the Court determines that the purchase price presents the best opportunity for the Debtor estates to realize the highest distribution possible to all creditors. The Purchase Price, as approved herein, is the highest and best offer for the Property. The Purchase Price constitutes full and adequate consideration and reasonably

equivalent value for the Property. The transfer of the Property on the Closing to Purchaser for the Purchase Price is in the best interest of the Debtor estates, the Debtors' creditors and all parties-in-interest.

  G. The transaction contemplated in the Sale Motion, as approved and implemented herein, complies with and satisfies all applicable provisions, including but not limited to 11 U.S.C. §§ 363(b), (f), (h) and (m). The terms and conditions of the sale of the Property are fair and reasonable.

  H. Purchaser is a third-party purchaser unrelated to the Debtors, and the terms of Purchaser's purchase of the Property as set forth in the Asset Purchase Agreements are fair and reasonable under the circumstances of this case.

  I. The transfer of the Property to Purchaser represents an arms' length transaction and has been negotiated in good faith between the parties. Purchaser, as transferee of Property, is a good faith purchaser within the meaning of 11 U.S.C. § 363(m). Purchaser has proceeded in good faith in all respect in connection with this proceeding.

  J. Subject to the fulfillment of the terms and conditions of the Asset Sale Agreements, at the Closing the Trustee will sell, transfer, assign and convey to the Purchaser and/or its assigns all of the Debtors' rights, title and interest in, to and under the Property.

  K. The Trustee is hereby authorized to execute and deliver deeds, assignments, bills of sale, and any other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

  L. At the Closing, the Trustee is authorized to pay closing costs customarily paid by sellers of real estate.

M. This Court will retain jurisdiction over this transaction for purposes of enforcing the provisions of this Order and the Asset Sale and Purchase Agreement.

N. Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order will be effective immediately upon entry.

It is so **ORDERED**.

Prepared By:

/s/ Joe M. Supple
Supple Law Office PLLC
801 Viand Street
Point Pleasant, WV 25550
304-675-6249
joe.supple@supplelaw.net
*Counsel for the Trustee*