IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In Re: Alderson Broaddus University, Inc.     Bk. No.: 23-00427

Debtor.

## NOTICE OF OBJECTION TO CLAIMS

An objection to your claim in the above captioned bankruptcy case has been filed by:

**Thomas H. Fluharty, Trustee**

Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to eliminate or change your claim, then you or your lawyer must file with the court a written response to the objection, explaining your position, at:

United States Bankruptcy Court
P.O. Box 70
Wheeling, WV 26003

Pursuant to Federal Rule of Bankruptcy Procedure 3007(a), unless otherwise ordered by the court, you must be afforded at least a 30-day period to file a response to the objection to your claim. Your written response deadline is: **MARCH 10, 2025**.

In addition to the court, you must also send a copy of your response, if any, to the entity objecting to your claim, and to any other entity specifically listed below:
**Thomas H. Fluharty, Trustee, 408 Lee Avenue, Clarksburg, WV 26301**
**Department of Labor, Attn: Timothy Rowe, 1335 East-West Highway, Ste 200, Silver Springs, MD 20810**.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and may enter an order sustaining the objection without further notice or opportunity for a hearing.

Claims being objected to are:
Claim No. 70          James T. Barry
Claim No. 9           Carrie Bodkins
Claim No. 76          Lora R. Bryant
Claim No. 4 & 6       Andrea J. Bucklew
Claim No. 8           Edward Paul Burda
Claim No. 78          Danny Lee Franke
Claim No. 68          Karla Renee Hively

| | |
|---|---|
| Claim No. 87 | Deanna Leach |
| Claim No. 7 | Chelsea Mayle |
| Claim No. 24 | Timmy L. Mayle |
| Claim No. 95 | Theresa D. McVicker |
| Claim No. 81 | Phillip Northey |
| Claim No. 86 | Austin H. O'Conner |
| Claim No. 69 | James Martin Owston |
| Claim No. 96 | Irina V. Rodimtseva |
| Claim No. 72 | Stacey M. Rogers |
| Claim No. 98 | Emily J. Rosier |
| Claim No. 12 | Jesse E. Saffle |
| Claim No. 61 | Nathan Satzer |
| Claim No. 62 | Neeley Satzer |
| Claim No. 63 | Kari Sisk |
| Claim No. 111 | Tammy Jean Tallman |
| Claim No. 2 | Lawrence Jennings Tallman |
| Claim No. 56 | Cary Lindgren Walters |
| Claim No. 25 | Kathy Dawn Wolfe |
| Clam No. 31 | Department of Labor |

Submitted by:


   /s/ Thomas H. Fluharty
Thomas H. Fluharty, Trustee
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(304) 624-7832

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In Re: Alderson Broaddus University, Inc.          Bk. No.: 23-00427

           Debtor

**TRUSTEE'S OMNIBUS OBJECTION TO CLAIMS NOS.
70 (James T. Barry), 9 (Carrie Bodkins), 76 (Lora R. Bryant)
4 (Andrea J. Bucklew), 6 (Andrea J. Bucklew), 8 (Edward Paul Burda),
78 (Danny Lee Franke), 68 (Karla Renee Hively) 87 (Deanna Leach), 7 (Chelsea Mayle),
24 (Timmy L. Mayle), 95 (Theresa D. McVicker), 81 (Phillip Northey),
86 (Austin H. O'Conner), 69 (James Martin Owston, 96 (Irina V. Rodimtseva),
72 (Stacey M. Rogers), 98 (Emily J. Rosier), 12 (Jesse E. Saffle)
61 (Nathan Satzer), 62 (Neeley Satzer), 63 (Kari Sisk), 111 (Tammy Jean Tallman),
2 (Lawrence Jennings Tallman), 56 (Cary Lindgren Walters), 25 (Kathy Dawn Wolfe)
IN WHOLE OR IN PART SINCE EACH CLAIM ASSERTS A PRIORITY
CLAIM FOR WHICH IT IS NOT ENTITILED AND THE
TRUSTEE'S PROPOSED TREATMENT OF CLAIM NO. 31
FILED BY THE DEPARTMENT OF LABOR RELATED
TO 403(B) BENEFITS**

    The Trustee files this "Omnibus Objection To Claims" pursuant to Rule 3007(d), Federal Rules of Bankruptcy Procedures and in support thereof directs the claimants to locate their claim number and name below and on the attached Exhibit-1. Claims are listed below alphabetically and on the attached Exhibit-1, with the claim number applicable to the claimant.

**NOTICE: IF YOU ARE A FORMER EMPLOYEE OF ALDERSON BROADDUS UNIVERSITY AND FILED A PROOF OF CLAIM OR DID NOT FILE A PROOF OF CLAIM BUT WAS A PARTICIPANT IN THE DEBTOR'S RETIREMENT PLAN, YOU SHOULD REVIEW THE TRUSTEE'S TREATMENT OF YOUR CLAIM OR PARTICIPANT INTEREST DESCRIBED HEREIN.**

    The names of the claimants (listed in alphabetical order) whose claims are objected to in whole or in part or otherwise modified by the Trustee are:

|  |  | Department of Labor Participant's Number from Claim 31, Exhibit 2, <u>Attached Hereto.</u> |
|---|---|---|
| Barry, James T. | Claim No. 70 | None |
| Bodkins, Carrie | Claim No. 9 | 3 |
| Bryant, Lora R. | Claim No. 76 | 8 |
| Bucklew, Andrea J. | Claim Nos. 4 & 6 | 9 |
| Burda, Edward Paul | Claim No. 8 | 10 |
| Franke, Danny Lee | Claim No. 78 | 20 |

| | | |
|---|---|---|
| Hively, Karla Renee | Claim No. 68 | 26 |
| Leach, Deanna | Claim No. 87 | 34 |
| Mayle, Chelsea | Claim No. 7 | 41 |
| Mayle, Timmy L. | Claim No. 24 | 43 |
| McVicker, Theresa D. | Claim No. 95 | 37 |
| Northey, Phillip | Claim No. 81 | 48 |
| O'Conner, Austin H. | Claim No. 86 | 49 |
| Owston, James Martin | Claim No. 69 | 50 |
| Rodimtseva, Irina V. | Claim No. 96 | 56 |
| Rogers, Stacey M. | Claim No. 72 | 57 |
| Rosier, Emily J. | Claim No. 98 | 58 |
| Saffle, Jesse E. | Claim No. 12 | 59 |
| Satzer, Nathan | Claim No. 61 | 60 |
| Satzer, Neeley | Claim No. 62 | 61 |
| Sisk, Kari | Claim No. 63 | 66 |
| Tallman, Tammy Jean | Claim No. 111 | 70 |
| Tallman, Lawrence Jennings | Claim No. 2 | 69 |
| Walters, Cary Lindgren | Claim No. 56 | 72 |
| Wolfe, Kathy Dawn | Claim No. 25 | 77 |

The Department of Labor filed a Proof of Claim (Claim No, 31). Proof of Claim 31 has an attachment listing 79 participants in the Debtor's 403(B) Plan. The above list of claimants are identified by the participant number beside their name that corresponds to the participant number on the attachment, attached hereto as "Exhibit-2." Exhibit-3 lists the participant number and related name.

The attached Exhibit-1 lists the proof of claim number, claimant's name, the claim as filed (delineating the portion of the claim applicable to unpaid salary, undeposited 403(B) benefits, other benefits, undeposited tax withholdings, and unpaid vacation pay and the total claim filed). The next four columns below the heading "Claim Treatment as Proposed by Trustee," is the manner the Trustee will treat the claims assuming no objection. If a claim included any unpaid salary but did not state the hours claimed, the Trustee calculated the claimant's salary for four days, unpaid 403(B) benefits based on the Department of Labor Claim (Claim No. 31), other benefits, undeposited taxes, vacation pay, and the balance of the claimant's claim as unsecured. The last column is the hourly rate for each employee either provided in the claim documents or determined by the Trustee.

Attached as Exhibit-2 is a portion of a report prepared by the U.S. Department of Labor that was attached to Proof of Claim No. 31 that identifies the participants in the debtor's 403(B) plan and the amount due. Exhibit-3 attached hereto lists the participants by name and their associated participant number on Exhibit-2. Where a creditor employee has filed a claim for unpaid 403(B) contributions, the Trustee compared the claim as filed to the report attached to Claim No. 31 and has allowed the amount determined by the Department of Labor. When a creditor filed a claim but did not designate any portion of the claim for 403(B) benefits the Trustee has provided for the Department of Labor applicable amount. Based on Claim No. 31, the Trustee will disburse to any party, not filing a claim, but listed on the Department of Labor's claim, a

payment for the calculated amount provided by the Department of Labor.

The Trustee proposes to pay a maximum of four (4) days wages (32 hours), and a maximum of 96 hours vacation based on 11 U.S.C. §507(a)(4)(A), unless a claim provides for more hours that would have been consistent with 11 U.S.C. §507(a)(4).

The Trustee makes a few assumptions based on the totality of the information provided. It appears that there were four (4) days of wages not paid. If a claimant asserts wages due and owing and does not otherwise specify the specific amount, the Trustee has set the wage claim for 32 hours based on the hourly rate either provided or determined by the Trustee (see attached Exhibit-1).

Further, the Trustee determined any claim for vacation pay to be limited to 12 days (the maximum vacation allotted to any employee for a six (6) month period based on the Alderson Broaddus University Employee Handbook for the 2021-2022 Academic Year, being the most recent handbook provided to the Trustee). The Trustee calculated the hourly rate for any applicable claimant based on pay advices attached to the claimants proof of claim. 11 U.S.C. §507(a)(4)(A) sets a cap on the priority amount for wages and vacation pay based on the amount earned in the 180 days prior to the filing of the petition. Any difference between the gross claim amount claimed by a claimant and the total priority amount proposed by the Trustee is treated as an unsecured claim unless otherwise specified. It is unlikely that there will be any significant distribution on the unsecured portion of any claim based on the total of unsecured claims.

In regards to benefit claims, the majority of the amounts claimed are for unpaid 403(B) deposits. The U.S. Department of Labor filed a claim (Claim No. 31) where it sought to have the Trustee pay to TIAA the sum it has determined to be undeposited (403(B)) retirement benefits. The Trustee, together with representatives of TIAA and Timothy Rowe, an employee of the Department of Labor have expended significant time to ascertain the amount due each employee's TIAA fund. The Trustee will not object to Claim 31 since he believes it is well established and will, to the extent of available funds meet Claim 31 in full. The Department of Labor initially requested that it's claim amount should be paid to TIAA. TIAA has informed the Trustee that it cannot accept further deposits due to the retirement accounts being terminated. Accordingly, the Trustee proposes to pay Claim 31 to the named participants in the amount determined by the Department of Labor.

The Trustee objects to the portion any individual claim for retirement benefits in excess of the amount determined by Department of Labor. If the Department of Labor determined the unpaid benefit to be greater than the amount claimed by the employee, the Trustee has provided the greater amount.

The Trustee objects to any claim, to the extent that the claim asserts a claim for unpaid withholding or social security benefits. A claim for those unpaid taxes has been asserted by the IRS (see Claim No. 82) and the Trustee proposes to pay Claim 82 in whole or in part depending upon the availability of funds. If the IRS files a supplemental or amended claim the Trustee will review that claim when filed. The Trustee engaged an accountant to review, amend or file any unfiled withholding reports. Allowing the claim to the individual claimants and the IRS would

result in duplicate payments. Further, the assertion of the §507 priority claim for undeposited withholding taxes is the provence of a governmental unit and not individual claimants. No portion of any individual claim related to withheld and undeposited taxes will be paid to the individual employee and the Trustee objects to the same.

Any claimant who opposes the treatment suggested by the Trustee must respond to the Trustee's Objection as provided in any notice or further order of the Court.

The Trustee will determine appropriate withholdings on any proof of claim based on "Single, no dependents" and will issue W-2's or 1099's as appropriate.

## INDIVIDUAL CLAIMS OBJECTION

Barry, James T.        Claim No. 70
    The Claimant asserts a priority claim for moving expenses in the sum of $6,331.56. Moving expenses are not designated a priority item under 11 U.S.C. §507. The Trustee objects to any portion of the claim being treated as a priority expense. The Trustee will treat the claim amount as unsecured.

Bodkins, Carrie T.      Claim No. 9
    The claim asserts $20,428.84 as a priority for "four days salary and vacation pay of 48 days." An email attached to Claim No. 9 indicates the claimant is owed $18,462.72 for 384 hours of vacation resulting in an hourly rate of $48.08 per hour. The difference the Trustee assumes would be a claim for salary. The Claimant asserts a claim for 4 days of salary. 32 hours @ $48.08 is $1,538.56 as proposed by the Trustee. No other documents was provided to allow a different calculation. The priority vacation time was reduced to twelve 8 hour days, 96 hours at $48.08. The Trustee has allowed $847.55 for unpaid 403(B) benefits. The balance of the claim is treated as unsecured.

Bryant, Lora         Claim No. 76
    The claimant asserts a claim for services performed, retirement owed, taxes and social security due, and vacation due in the gross amount of $17,436.53. The Trustee calculated $706.74 for wages (32 x $22.07), $326.01 for retirement, vacation of $2,118.72 and the balance as unsecured.

Bucklew, Andrea J.    Claim No. 4
    The claimant asserts a gross amount of $39,936.00 for employment and accrued vacation. The Trustee has allotted $3,076.86 as wages for four (4) days and the balance as vacation pay, but limits the vacation pay on his proposed treatment to 96 hours or $9,230.40. The balance is treated as unsecured.

Bucklew, Andrea J.    Claim No. 6
    This claim is asserts unpaid contributions to an employee retirement plan in the sum of $2,691.80. The Trustee allows the claim to the extent of $1,657.18 based on the Department of

Labor review.

Burda, Edward Paul    Claim No. 8

The claimant asserts a gross claim of $7,800.00 for four (4) work days and 48 vacation days. The Trustee determined the hourly rate and allotted $599.36 to unpaid wages and the balance to vacation pay. Claimant asserts 48 unpaid vacation days but would have only accumulated 12 days (96 hours) in the 180 days prior to filing. The Trustee also allows $368.95 for undeposited 403(B) benefits. The balance of the claim is treated as unsecured.

Franke, Danny Lee    Claim No. 78

Claimant asserts a gross amount of $608.78 comprised of unpaid contributions to a benefit plan in the sum of $507.24, and $101.54 for unpaid health insurance. The Trustee asserts Claim No. 31 of the Department of Labor determined the 403(B) benefit to be $520.36. The Trustee has increased this claim and allows the unpaid health insurance portion.

Hively, Karla Renee    Claim No. 68

Claim No. 68 asserts $7,424.27, which is composed of $700.43 in wages, which the Trustee agrees to and $6,465.17 in vacation pay which the Trustee objects to. The claimant is entitled to 96 hours at $17.51. The Trustee also provides $258.67 for undeposited 403(B) funds. The balance is treated as unsecured.

Leach, Deanna    Claim No. 87

Claim 87 asserts a gross claim of $17,042.69 comprised of $15,753.40 in wages etc and $1,125.36 in unpaid contributions to an employee benefit program. The Trustee calculated an hourly rate of $52.10 and has provided for 32 hours ($1,667.20) of wages and 96 hours of vacation pay ($5,001.60). The U.S. Department of Labor in Claim 31 determined the 403(B) unpaid benefits at $1,026.20. The balance of the claim is treated as unsecured.

Mayle, Chelsea    Claim No. 7

Claim No. 7 asserts $7,167.45 for services performed and vacation pay. Claim No. 7 asserts a claim for $646.08 for wages which the Trustee does not object to, and $6,521.37 approximately for vacation. The Trustee calculated the hourly rate and allowed 96 hours of vacation time for a total vacation claim of $1,938.24 and $198.86 for 403(B) benefits. The excess will be treated as unsecured.

Mayle, Timmy L.    Claim No. 24

Claim No. 24 asserts $3,367.95 for wages, vacation time and TIAA contributions. The Trustee agrees to wages of $322.50, and calculated vacation time limited to 96 hours or $2,013.45, and TIAA benefits of $150.77. The Trustee treats the balance as unsecured.

McVicker, Theresa D.    Claim No. 95

Claim No. 95 asserts $5,184.84 for vacation time not paid, unpaid retirement contributions and unpaid wages. The Trustee increased the wage claim to $507.20 based on the employee's wages, provides $273.20 for retirement contributions, and calculated 96 hours of paid vacation time for $1,521.60. The Trustee treats the balance as unsecured.

Northey, Phillip P.     Claim No. 81

Claim No. 81 asserts $4,357.68 for back pay, 403B benefits, health care, and wages.  The Trustee calculated claimants hourly rate and provides for 32 hours of wages or $1,384.64, provides $639.19 for 403(B) benefits, calculated 96 hours of vacation pay for $1,491.52 and denies the balance due to a lack of documentation but will treat the balance as unsecured.

O'Conner, Austin H.   Claim No. 86

Claim No. 86 asserts a total of $7,256.58 as a priority.  Of this amount $2,020.70 and $1,397.19 appear to be for federal and state withholding, $2,100.63 for FICA and the balance $1,738.16 for benefit plans.  The federal and state withholding and FICA are for government agencies to file and are not a priority claim for individuals.  The Trustee is allowing $2,674.70 for 403(B) benefits and treats the balance as an unsecured claim.

Owston, James Martin     Claim No. 69

Claim No. 69 asserts a total of "$16,194.06" for vacation ($15,507.54), which the Trustee limits to $3,923.52 for 96 hours and objects to any claim for unpaid withholding or social security since that is asserted by the appropriate governmental agency and allows the claim for unpaid employee benefits of $704.28, and treats the balance as an unsecured claim.

Rodimtseva, Irina V.   Claim No. 96

Claim No. 96 asserts a claim for $12,767.70 for unpaid state and federal withholding.  The Trustee objects to the claim and does not allow any part as unsecured, but allows $308.75 for unpaid retirement benefits.

Rogers, Stacey M.     Claim No. 72

Claim No. 72 asserts a claim for $4,034.68 composed of wages owed, vacation time, medical benefits, TIAA benefits.  The Trustee has determined the portion attributable to wages at $553.60 and vacation pay of $1,661.76 and 403(B) benefits in the sum of $255.69 and treats the remainder as unsecured.

Rosier, Emily J.     Claim No. 98

Claim No. 98 asserts a priority amount for $9,447.10 for salary, benefit plan, and vacation.  The Trustee has determined the salary claim at $653.76, vacation at $1,961.28 and allows $301.85 for retirement benefits and treats the balance as unsecured.

Saffle, Jesse E.     Claim No. 12

Claim No. 12 asserts a priority status of $5,852.69 for "services performed."   The Trustee has calculated wages at $496.80, vacation pay at $1,467.84 retirement benefits at $307.36, objects to the balance and will treat it as unsecured.

Satzer, Nathan     Claim No. 61

Claim No. 61 asserts a claim of $8,138.50, for "money withheld from pay, but not paid to TIAA, Highmark, IRS, Social Security."   The Trustee allows TIAA benefits in the sum of $301.27 and objects to the balance and does not propose to treat any of the claim as unsecured.

Satzer, Neeley    Claim No. 62

Claim No. 62 asserts a priority claim of $16,676.64, also described as "money withhold from pay, but not paid to TIAA, Highmark, IRS, Social Security." The Trustee allows $540.76 for unpaid retirement benefits but objects to the remainder of the claim and will not treat any portion as unsecured.

Sisk, Kari    Claim No. 63

Claim No. 63 asserts a priority claim in the sum of $226.86 for "Retirement contributions taken from pay but not sent to TIAA." Trustee has increased the claim and allows $342.20 for unpaid retirement benefits based on the Department of Labor findings.

Tallman, Tammy Jean   Claim No. 111

Claim No. 111 asserts a priority claim of $302.11 for "Benefit Plan." The Department of Labor determined the unpaid amount to be $144.78 which the Trustee allows and objects to the remainder of this claim.

Tallman, Lawrence Jennings  Claim No. 2

Claim No. 2 asserts a priority claim of $16,558.56. The Trustee has calculated the wage claim as $1,230.72, vacation pay at $3,692.16, and $573.86 for retirement benefits. The remainder the Trustee objects to and treats it as unsecured.

Walters, Cary L.    Claim No. 56

Claim No. 56 asserts a priority of $11,531.00 for "services performed, taxes, 401K payments, social security. The Trustee agrees with the wage claim amount of $923.07, has calculated vacation pay at $2,769.60, objects to unpaid taxes, or social security since these are claimed by the IRS, and has determined unpaid TIAA benefits to be $284.08. The Trustee objects to the remainder of the claim.

Wofle, Kathy Dawn    Claim No. 25

Claim No. 25 asserts a priority claim of $6,204.80 for "last week of pay, hours owed for vacation, TIAA contributions." The Trustee agrees to $448.00 for wages, $1,344.00 for vacation pay, $355.61 for unpaid retirement benefits and will treat the balance as unsecured.

U.S. Department of Labor, Claim No. 31

The Trustee does not object to the claim but anticipates disbursing the amounts provided by the Department of Labor to the named participants. Participant Numbers: 1, 2, 4, 5, 6, 7, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 35, 36,38, 39, 40, 42, 44, 45, 46, 47, 51, 52, 53, 54, 55, 62, 63, 64, 65, 67, 68, 71, 73, 74, 75, 76, 78, and 79 are identified in "Exhibit-2" for unpaid 403(B) benefits. The treatment provided by the Trustee for filed claims in the bankruptcy case and the Department of Labor claimants referred to herein will be in satisfaction of Claim No. 31.

**WHEREFORE**, your Trustee requests that a hearing be scheduled in the matter or notice be issued of the Trustee's Objection and absent a request for a hearing that the above claims be allowed as modified and provided for by the Trustee.

Submitted by:

  /s/ Thomas H. Fluharty
Thomas H. Fluharty, Trustee
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(304) 624-7832

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **NOTICE AND TRUSTEE'S OMNIBUS OBJECTION TO CLAIM NOS. 70 (James T. Barry), 9 (Carrie Bodkins), 79 (Lora Bryant), 4 (Andrea J. Bucklew), 6 (Andrea J. Bucklew), 8 (Edward Paul Burda), 78 (Danny Lee Franke), 68 (Karla Renee Hively), 87 (Deanna Leach), 7 (Chelsea Mayle), 24 (Timmy L. Mayle), 95 (Theresa D. McVicker), 81 (Phillip P. Northey), 86 (Austin H. O'Conner), 69 (James Martin Owston, 96 (Irina V. Rodimtseva), 72 (Stacey M. Rogers), 98 (Emily J. Rosier, 12 (Jesse E. Saffie), 61 (Nathan Satzer), 62 (Neeley Satzer), 63 (Kari Sisk), 111 (Tammy Jean Tallman), 2 (Lawrence Jennings Tallman), 56 (Cary L. Walters), 25 (Kathy Dawn Wolfe) IN WHOLE OR IN PART SINCE EACH CLAIM ASSERTS A PRIORITY CLAIM FOR WHICH IT IS NOT ENTITLED AND THE TRUSTEE'S PROPOSED TREATMENT OF CLAIM NO. 31 FILED BY THE DEPARTMENT OF LABOR RELATED TO 403(B) BENEFITS,** was served upon the individuals listed below, by placing a true and correct copy thereof in the United States mail, postage prepaid, to the addresses listed below, this ___7th___ day of ___February___, 2025.

James T. Barry
13433 Ballentine Street
Overland Park, KS 66213

Carrie Bodkins
30 16th Street
Belington, WV 26250

Lora Bryant
713 Natural Bridge Road
French Creek, WV 26218

Andrea J. Bucklew
3749 S. Preston Highway
Tunnelton, WV 26444

Edward Paul Burda
1532 S. Davis Avenue
Elkins, WV 26241

Danny Lee Franke
161 Hilltop Drive
Philippi, WV 26416

Karla Renee Hively
50 Pine Glen Drive
Philippi, WV 26416

Deanna Leach
223 Dunkin Avenue
Bridgeport, WV 26330

Chelsea Mayle
153 Hangig Rock Road
Philippi, WV 26416

Timmy Mayle
76 Olive Hill Road
Philippi, WV 26416

Theresa D. McVicker
15 Elk City Road
Philippi, WV 26416

Phillip P. Northey
214 Westwood Avenue
Bridgeport, WV 26330

Austin H. O'Conner
1527 7th Avenue
Charleston, WV 25387

James Martin Owston
P.O. Box 5202
Beckley, WV 25801

Irina V. Rodimtseva
347 Satterfield Street
Fairmont, WV 26554

Stacey M. Rogers
P.O. Box 104
Grafton, WV 26354

Emily J. Rosier
643 Tacy Sunshine Ridge Road
Philippi, WV 26416

Jesse E. Saffle
10727 Audra Park Road
Buckhannon, WV 26201

Nathan Satzer
408 Civitan Street
Morgantown, WV 26505

Neeley Satzer
408 Civitan Street
Morgantown, WV 26505

Kari Sisk
294 Greystone Drive
Philippi, WV 26416

Tammy Jean Tallman
1938 Trinity Road
Belington, WV 26250

Lawrence J. Tallman
1938 Trinity Road
Belington, WV 26250

Cary L. Walters
15939 Alleghany Highway
Bowden, WV 26254

Kathy Dawn Wofe
664 Whitman Run Road
Philippi, WV 26416

Emily Alvut
1005 BEECH MOUNTAIN PKWY
APT 207
BEECH MOUNTAIN, NC 28604-7450

Adam Anderson
208 HORIZON CIR
BRIDGEPORT, WV, 26330-9281

Michael J. Boehke
217 CARPENTER ST
CLARKSBURG, WV, 26301-3525

Susan K. Bracey
120 ALLEGHENY LN
PHILIPPI, WV 26416-7753

Roger Bracken
Teresa Bracken
1390 CHEROKEE RD
PHILIPPI, WV, 26416-7921

Yi Chen
32 FAIRWAY DR
MOUNT CLARE, WV, 26408-9713

LyCricia F. Criss
PO BOX 10382
CHARLESTON, WV 25357-0382

Sarah Cross
3330 HORSESHOE RD
KEYSER, WV, 26726-6360

John J. Davies
8120 W SAPLING RD
SPOKANE, WA, 99224-1607

Hunter L. Davis
235 W CHESTNUT ST
APT 410
WASHINGTON, PA, 15301-4438

Tucker Devilbiss
133 BUMPS CREEK RD
SNEADS FERRY, NC 28460-6521

Stephen Dye
137 HARMONY GROVE RD
GRAFTON, WV 26354-7473

Kimberly D. Elza-Wilki
233 BRUCE ST
ELKINS, WV, 26241-9634

Shawn K. Foster
268 LOCUST AVE
PHILIPPI, WV 26416-1019

Sobha Gorugantula
248 CHERRY RIDGE RD
THURMAN, OH 45685-7505

Kristi A. Grassi
2414 LAUREL CREEK RD
MOATSVILLE, WV, 26405-8569

Sondra L. Guire
351 RADABAUGH RIDGE RD
BUCKHANNON, WV 26201-6891

John D. Hicks
38 HAWTHORNE DR UNIT B105
BEDFORD, NH, 03110-6997

Jacob Hill
704 OHIO AVE
CLARKSBURG, WV, 26301-4572

David E. Hoxie
44 WILLIS LN
PHILIPPI, WV, 26416-1080

Rebekah R. Hoxie
210 GREYSTONE DR
PHILIPPI, WV, 26416-1602

Jaron D. Hulme
165 COLEMAN AVE APT 6E
ASHEVILLE, NC, 28801-1379

William B. Klaus
183 LOCUST AVE
PHILIPPI, WV 26416-1016

Ellen Knight
284 LOCUST AVE
PHILIPPI, WV, 26416-1019

Roger L. McDonald
222 LOCUST AVE
BELINGTON, WV 26250-9478

Kayla A. McKinney
962 VAN METER WAY
WEST LIBERTY, WV 26074-1033

Robert C. Mallonee
6311 WINNER AVE
BALTIMORE, MD 21215-3118

Anna R. Marsh
46 DENGER RD
BELINGTON, WV 26250-7896

Tammy J. Mayle
153 HANGING ROCK RD
PHILIPPI, WV 26416-7342

Mahala C. Mitchell
1776 SAND RUN RD
PHILIPPI, WV, 26416-8291

Melissa D. Mitchell
135 COLE RD
PHILIPPI, WV 26416-7830

Jeffrey D. Moyer
751 Q RD
ARTHURDALE, WV 26520

Kenneth Parker
431 EVERSON RD
BELINGTON, WV, 26250-4518

Matthew M. Perotti
1420 HAYDEN AVE
ALTOONA, WI 54720-1655

Daniel A. Propst
72 HILLCREST PL
BELINGTON, WV, 26250-8356

Catherine J. Rabren
105 RAINTREE BLVD
BRIDGEPORT, WV, 26330-9404

Marcie L. Raol
770 SUGAR CAMP RD
SHINNSTON, WV, 26431-7351

Kelly Shiftlett
18 SUMMER PLACE DR
BUCKHANNON, WV 26201-6611

Trey E. Short
1182 MAPLE LAKE RD
BRIDGEPORT, WV 26330-7628

Rebecca A. Shumway
187 MAPLE AVE
PHILIPPI, WV 26416-1028

Melissa D. Simmons
2610 AUDRA PARK RD
BELINGTON, WV, 26250-7470

Charlie W. Starr
6211 W WILLOW HWY
APT C5
LANSING, MI 48917-1231

Ashleigh R. Stewart
24 BRECKENRIDGE CT
STRASBURG, VA, 22657-3666

Jessica Vida
340 BEAVER CREEK RD
BELINGTON, WV 26250-8238

Carolyn Sponaugle Weaver
26 TAFT DR
MOATSVILLE, WV, 26405-8374

Kristen Kelps-Winter
395 PENNSYLVANIA AVE
BRIDGEPORT, WV, 26330-1543

Igor Woiciechowski
169 GHANER DR
STATE COLLEGE, PA 16803-1169

Barry K. Wolfe
628 WHITMAN RUN RD
PHILIPPI, WV 26416-7998

Victor L. Wright
2302 CARROLTON RD
BUCKHANNON, WV, 26201-5414


April H. Yancey
149 CLAIRE MILLER RD
PARSONS, WV, 26287-9106


Department of Labor
Attn: Timothy Rowe
1335 East-West Highway, Ste 200
Silver Spring, MD 20810


Served electronically on:

Sarah Ellis, Esquire
Sarah.ellis@steptoe-johnson.com
*Counsel for Debtor*


U.S. Trustee Office
ustpregion04.ct.ecf@usdoj.gov


      /s/ Thomas H. Fluharty
      Thomas H. Fluharty, Trustee